BEFORE THE FIRST DIVISION, MARCH 27, 1946

**No. 50956.**—Protest 98380–K of C. S. Emery & Co. (St. Albans).

MOLLISON, Judge: In this case the plaintiff seeks to recover duties paid on the importation of merchandise described on the invoices and entries as "crude oxide of iron." Duty was assessed thereon by the collector at the rate of one-eighth of 1 cent per pound under the provision for "Ochers &ast; &ast; &ast; crude" in paragraph

73, Tariff Act of 1930, and the protest claim is for free entry under the provision in paragraph 1700 of the same act for "iron ore."

It appears from the record that the shipper of the merchandise, one Charles D. Girardin, had a mine at Yamachiche, near Three Rivers, Quebec, Canada, from which the imported merchandise was extracted. He testified that it was a "hydrated iron ore, limonite, what is called commonly crude bog iron ore"; that he had tried to sell it to paint companies, presumably as a pigment, but it was rejected as not suitable, and that he had been able to sell it only to gas companies.

From the testimony of qualified witnesses called by the plaintiff it appears that the merchandise is used in the purification of illuminating gas. In such use it is—

* * * mixed in a preparation to a consistency of shavings that is installed in what is known as a purifying box, 40 by 40 feet square in three layers, each three feet deep, and the gas passes through this material removing the hydrogen sulphide.

There is evidence indicating that the designation of the merchandise as "oxide of iron" was an error, and that it is known and bought and sold as crude bog iron ore. A sample is before us, marked "Exhibit 1," which has the appearance of brown earth, containing, among other things, twigs and dead leaves.

The only evidence offered in support of the collector's classification is the report marked "Exhibit 2," of a Government chemist who analyzed a sample of the material in question and found it to be "ocher, crude."

In Webster's New International Dictionary (1945) "bog iron ore" is defined as "A porous variety of limonite," and "limonite" is defined as follows:

Hydrous ferric oxide, $2Fe_2O_3.3H_2O$, an important ore of iron, occurring in stalactitic, mammillary, or earthy forms, of a dark-brown color, and as a yellowish-brown powder. Called also *brown hematite*. Limonite includes bog ore and ochers, in which impurities are common.

The last sentence of the foregoing definition seems to hold the key to this case. There are apparently at least two forms of limonite, viz, bog ore and ochers, and we think the record as a whole establishes that the merchandise at bar belongs in the former class and not in the latter. It is not used as a pigment, and appears to be principally, if not exclusively, used for a purpose for which ochers are not suitable, to have a larger percentage of iron oxide than found in ochers, and to be mixed with materials other than those found in ochers.

Judgment will therefore issue sustaining the protest claim and directing reliquidation of the entries accordingly.